By the Court, Cowen, J.
The case of Taylor v. Porter (4 Hill, 148) held the statute authorizing one man to take the property of another for his own use, though under an appraisement of its value, to he void. The action was trespass quare clausum fregit by the owner; and a justification was pleaded without averring the plaintiff’s consent. The decision proceeded on the ground that the land was taken ininvitum; and Mr. Justice Bronson concedes in terms that the objection has no application where the owner consents. It was thrown out in the course of the argument of the present case, that such consent not being in writing, the title would still be void under the statute of frauds. The answer is that the owner’s consent takes away all objection to the statute in relation to private roads. True, the road being an incorporeal heraditament, it could not be granted even at common law without a deed. But it was competent for the legislature to create an exception both to the common law rule and the statute of frauds. They have done so by the statute in question. In the light of the constitution, if not that of a law which lies at the foundation of all governments, this statute must be read with the proviso that the owner consent. That consent removes all obstacle and lets the statute in to operate the same as if it had in terms contained the condition. Clearly we may say of a statute as much as we do every day of deeds and other private acts, valeat quantum valere potest.
By bringing an action for the damages assessed, we have the clearest manifestation of consent; and an adoption of the machinery provided by the statute for effectuating the grant. The provision of the fundamental law was for the benefit of the owner only; and the maxim, qúilibet potest renunciare juri pro se introducto, applies as well to constitutional law as to any other. Suppose the defendant omits to plead auterfois acquit to an indictment for an Infamous crime, or pleads guilty, could it be said that the former acquittal should protect him from punish *49 ment, because the provision against his being put twice in jeopardy has happened to find its way into the constitution ? (See 2 Inst. 183.)
It is clearly settled that an award or assessment of a sum to be paid by one to another, pursuant to a public or private act of parliament, forms the subject of an action of assumpsit. The case of Bell v. Burrows, reported in Bull. N. P. 129, Lond, ed, of 1788, is in point, and has never been questioned, at least not directly. Debt may, for aught I know, be equally proper;(a) but that action is often concurrent with assumpsit. (See Rann v. Green, (Cowp. 474; also Doug. 402.) A justice’s judgment is perhaps an exception. (Pease v. Howard, 14 Johns, 479.) But clearly the analogy of this to an as essment should not operate to enlarge it into a general rule. Such an effect would place it in conflict with doctrines that this court could never have thought of disturbing.
Judgment for the plaintiff,

 See Lebanon v. Olcott, (1 N. Hamp. Rep. 339,) and Bigelow v. The Cambridge & Concord Turnp. Co., (7 Mass. R. 202.)